IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FIRST BANK, a Missouri corporation,

      Plaintiff,

  vs.

E. LECHIEN, AS TRUSTEE OF STONE
CASTLE LAND TRUST; SALLY A.
BEYERSDORFER; and KEITH E.
BEYERSDORFER,

      Defendants.

Case No. 13-cv-353- JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's motion for summary judgment in this mortgage foreclosure action.  (Doc. 30).  Defendants Sally Beyersdorfer and Keith Beyersdorfer have filed their response (Doc. 39).  On November 12, 2013, Plaintiff filed its reply (Doc. 39).  For the following reasons, the Court grants the Plaintiff's motion.

## FACTS

Construing the evidence in the light most favorable to Defendants, the following are the relevant facts.  On April 11, 2002, Defendant E. LeChien, acting as Trustee on behalf of Stone Castle Land Trust, signed a promissory note for a $526,000.00 loan from Plaintiff First Bank.  (Doc. 2-2). LeChien (the "Trustee") mortgaged, warranted, and conveyed Stone Castle Land Trust's right, title, and interest in the real property known as 5.80 Acres, O'Fallon, Illinois, to Plaintiff.  (Doc. 2-1, pg. 1).  The principal amount of the loan was $526,000.00, with an initial interest rate of 5.75%.  (*See* Doc. 2-2, pg. 1). The original loan specified a maturity date of April 11, 2003.  (*See* Doc. 2-1, pg. 11-12).   It appears that the original loan was obtained so that Stone Castle Land Trust could use the mortgaged property to create Stone Castle Subdivision and then sell the property in individual lots to homebuyers.  (*See* Doc. 39).

On April 11, 2002, Defendant Sally Beyersdorfer signed a guaranty for an unlimited amount in which she guaranteed and promised to pay Plaintiff any indebtedness that Stone Castle Land Trust might owe Plaintiff.  (Doc. 2-5).  In this guaranty, Sally Beyersdorfer also agreed, among other things, to pay Plaintiff's legal fees, attorneys' fees, and all court costs.  (Doc. 2-5, pg. 2).  Defendant Keith Beyersdorfer also signed a guaranty that day, setting forth the same guarantees and promises. (*See* Doc. 2-8).  Over time, the parties modified the mortgage, with the most recent modification extending the maturity date to April 8, 2011.  (*See* Doc. 2-3, pg. 1).  The principal due on this date was in the amount of $278,781.91.  (*See* Doc. 2-4, pg. 1).  The Beyersdorfers signed additional continuing guaranties to correspond with the loan modifications.  (*See* Docs. 2-6, 2-7, 2-9, 2-10). While the original mortgage covered a larger amount of real estate, some portions of that real estate have been released from the mortgage.  Therefore, the current mortgaged property is described as follows:

> LOTS 1, 2, 3, & 6 OF STONE CASTLE ESTATES BEING PART OF THE SOUTHWEST QUARTER O SECTION 8, TOWNSHIP 2 NORTH, RANGE 7 WEST, OF THE THIRD PRINCIPAL MERIDIAN, CITY OF O'FALLON, ST. CLAIR COUNTY, ILLINOIS, REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS 102 ON PAGE 33.

> \*\*\*

> PERMANENT PARCEL NOS.:  04-08-0-301-045 (LOT 1);
>            04-08-0-301-044 (LOT 2);
>            04-08-0-301-043 (LOT 3);
>            04-08-0-301-040 (LOT 6).

(Doc. 2, pg. 3).

Defendants failed to pay the mortgage debt by the maturity date.   On April 11, 2013, Plaintiff filed a complaint against the Trustee as well as the Beyersdorfers, seeking foreclosure of the mortgaged property and seeking money judgments against the Beyersdorfers on their guaranties. (Doc. 2).  In May of 2013, after receiving a Letter of Direction (Doc. 22-1) from the Beyersdorfers, the Trustee executed a Trustee's Deed (Doc. 22-2), conveying the mortgaged property to the

Beyersdorfers.  Then, in an order, this Court dismissed the Trustee from the case.  (Doc. 32).

Therefore, the remaining defendants are the Beyersdorfers ("Defendants").

Plaintiff claims that Defendants "defaulted by failing to pay the mortgage debt when it

matured on April 8, 2011."   Plaintiff alleges that Defendants owe principal in the amount of

$278,781.91, accrued interest in the amount of $54,579.31, appraisal fees in the amount of $1,854.00,

and late fees in the amount of $14,787.84, and thus, a total amount of $350,003.06.  (Doc. 2, pg. 4).

In its complaint, Plaintiff made the following requests for relief:

(i)    A judgment of foreclosure and sale.
(ii)   An order granting a shortened redemption period, if sought.
(iii)  A personal judgment for a deficiency, if sought.
(iv)  An order granting possession.
(v)   An order placing the mortgagee in possession or appointing a receiver, if sought.
(vi)  A judgment for attorneys' fees, costs and expenses, if sought.
(vii) Such other relief as equity may require, including, without limitation, an order providing for sale of the property by a judge of this Court, pursuant to Section 15-1506(f) of the Code of Civil Procedure or, if an offer is made above pursuant to 735 ILCS 5/15-1402 and accepted a judgment satisfying the mortgage debt by vesting title to the mortgaged real estate in plaintiff, free and clear of all claims, liens and interest of the mortgagor(s), and of all rights of all other parties hereto.

(Doc. 2, pg. 5).  Plaintiff also requested judgment against Sally Beyersdorfer and Keith Beyersdorfer,

each separately, in the amount of $350,003.06, plus pre-judgment interest, reasonable attorney fees

and costs of suit.  (Doc. 2, pgs. 7, 8).   Finally, Plaintiff notes that the property is not "'residential'

within the meaning of 735 ILCS 5/15-1219."  (Doc. 2, pg. 4).

On September 6, 2013, Plaintiff filed its motion for summary judgment (Doc. 30) as well as a

brief in support of its motion (Doc. 31).  Plaintiff argues that the promissory note and mortgage were

executed by the Trustee and that Defendants guaranteed payment of the indebtedness secured by the

mortgage.  Plaintiff argues that there is no genuine factual dispute, that Plaintiff is entitled to a

judgment of foreclosure as a matter of law, and that Defendants are liable on the guaranties.

On November 8, 2013, Defendants filed their response (Doc. 39) with attached

documentation (Docs. 39-1, 39-2).  The attached documentation consists of two U.S. Department of

Housing and Urban Development Settlement Statement forms ("HUD Statements"), dated 2005 and 2010.  These HUD Statements seem to be records of sales in which Defendants sold portions of the real estate, covered by the original mortgage, to individual buyers.  Defendants make the following arguments in their response.  Plaintiff made loans to Defendants for Lots 4, 5, 7, 8, and 9, all of which were sold.  Plaintiff's documentation (Doc. 30-2) shows the payoffs from Lots 7 and 8 but does not show payoffs for Lots 4, 5 and 9.  Defendants also argue that one payoff amount does not indicate the source of the payment.  Defendants do not dispute that they are in default on the mortgage payments, but rather that the payment history provided by Plaintiff is unclear.  Therefore, Defendants argue, they are uncertain as to the accurate amount of their indebtedness.  (Doc. 39, pg. 2).  Defendants claim that this raises "genuine disputes that call into question the accuracy of Plaintiff's calculation as to the amount [Defendants] allegedly owe to Plaintiff" and that "[a]s long as these disputes remain unresolved summary judgment is not available to Plaintiff."  *Id.*  Defendants made no arguments in opposition to their liability on the guaranties.

On November 12, 2013, Plaintiff filed its reply (Doc. 40).  In its reply, Plaintiff objects to Defendants' citing of their attached documentation (Docs. 39-1, 39-2).  Plaintiff, relying on Federal Rules of Civil Procedure 56(c)(2) and (4), argues that Defendants' response "relies solely on unsworn allegations of defense counsel purporting to interpret two unauthenticated (and redacted) exhibits to Defendants' brief."  (Doc. 40, pg. 1). Plaintiff argues that "[i]f defendants claim the loan has been paid or First Bank's business records are flawed, they must come forward with evidence that would be admissible at trial."  (Doc. 40, pg. 2) (citing *Tuttle v. Rose*, 102 Ill. App. 3d 865, 866-867 (1st Dist. 1981)).

Defendant Keith E. Beyersdorfer subsequently filed an affidavit disputing the amount owed to Plaintiff (Doc. 42).  The Court notes that the defendant filed this affidavit on November 26, 2013, after the November 8, 2013, deadline to respond to Plaintiff's motion for summary judgment (Doc. 36).  Defendants did not seek an extension of time.  Accordingly, the Court strikes defendant Keith

E. Beyersdorfer's affidavit (Doc. 42).  The Court will now consider whether Plaintiff is entitled to judgment as a matter of law.

## ANALYSIS

Where federal court jurisdiction is based on diversity of citizenship, federal law governs the procedural issues, while state law applies to the substantive issues.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  The Federal Rules mandate the entry of summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R. Civ. P. 56(a).  The Court will look to state substantive law to identify which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.*  "In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party."  *McGuire v. United Parcel Serv.*, 152 F.3d 673, 676 (7th Cir. 1998) (citing *Anderson,* 477 U.S. at 255).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Anderson,* 477 U.S. at 252.

First, the Court will address whether the Plaintiff is entitled to foreclose on the property. Plaintiff argues that it is entitled to a judgment of foreclosure, because Defendants defaulted on the mortgage "by failing to pay the mortgage debt when it matured on April 8, 2011."  (Doc. 2, pg. 3). The mortgage provides that if the "[g]rantor fails to make any payment when due under the [i]ndebtedness," it constitutes an "Event of Default."  (Doc. 2-1, pg. 7).  The mortgage further provides that "[u]pon the occurrence of an Event of Default," Plaintiff may "obtain a judicial decree

foreclosing [Defendants'] interest in all or any part of the Property."  (Doc. 2-1, pg. 8).  In Defendants' Answer to the Complaint, Defendants concede that they have defaulted on the mortgage debt.  (Doc. 25, pg. 2).

Defendants do not dispute whether they have defaulted on the mortgage, but rather only claim that the alleged amount owed *may* be incorrect.  Plaintiff 's documentation, the mortgage and its modifications, evidences Defendants' indebtedness.  Defendants' HUD Statements, forms that can be downloaded from the internet, seem to indicate only that Defendants made sales to buyers who are not part of this lawsuit.  These HUD Statements do not evidence that Defendants then took those sales proceeds and paid them to Plaintiff to satisfy the mortgage.  Defendants have not produced evidence showing that Plaintiff failed to account for payments made or that Plaintiff committed an error in its calculation of payments.  Defendants only argue that they are unsure as to the accuracy of Plaintiff's calculations, thereby failing to show that there is a genuine dispute as to a material fact.  Defendants have failed to demonstrate that summary judgment should not be granted on this issue.  Therefore, the Court finds that Plaintiff is entitled to foreclosure as a matter of law.

Next, the Court will address whether Defendants are liable on the guaranties they made to Plaintiff.  In Counts Two and Three, Plaintiff argues that it is entitled to summary judgment on the guaranties made to it by Sally Beyersdorfer and Keith Beyersdorfer, respectively.  "To prevail on a claim to enforce a guaranty, a plaintiff must "enter [] proof of the original indebtedness, the debtor's default and the guarantee."  *S.P. Richards Co. v. Bus. Supply Corp.*, 07 CV 1753, 2008 WL 4181729 (N.D. Ill. Sept. 5, 2008) (quoting *Mid-City Indus. Supply Co. v. Horowitz*, 476 N.E.2d 1271, 1277 (Ill.App.Ct. 1st Dist.1985)).

In the present case, Plaintiff has shown proof of the indebtedness because it has shown the original mortgage and modifications to that mortgage.  Not only has Plaintiff submitted to the Court evidence of the guaranties made by Defendants, but Defendants also conceded that they guaranteed payment on the mortgage in Defendants' Answer to the complaint.  (*See* Doc. 25, pp. 2, 3).

Furthermore, Defendants conceded that they have defaulted on the mortgage.  Finally, in Defendants' response, they made no arguments in opposition to their liability on the guaranties.  Therefore, the Court finds that Defendants are liable on the guaranties they made to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment (Doc. 30).  Specifically, the Court

- **GRANTS** Plaintiff's motion for summary judgment (Doc. 30);

- **STRIKES** defendant Keith E. Beyersdorfer's affidavit (Doc. 42); and

- **DIRECTS** Plaintiff to submit a proposed judgment on or before February 14, 2014.

**IT IS SO ORDERED.**

**DATED:**  January 28, 2014

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT COURT**